IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-37-GMS |
| ANTOINE L. PATRICK, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Antoine L. Patrick, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about February 26, 2007, including any and all statements made subsequent to the illegal search.

In support thereof, Mr. Patrick avers as follows:[1]

1. On February 26, 2007, Wilmington Police Detectives allegedly received information that Mr. Patrick was distributing illegal narcotics at 221 West Sixth Street, in Wilmington. Based on this information, detectives initiated surveillance at this address.

2. Detectives followed Mr. Patrick to the 300 block of West 23rd Street in Wilmington,

---

[1] The facts contained in paragraphs 1-7 of this motion were taken from the arresting officer's Report of Investigation and Discovery. Although Mr. Patrick cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officer. Mr. Patrick submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

Delaware, allegedly observed him commit a motor vehicle violation and conducted a traffic stop.

3. During the stop, detectives allegedly saw what appeared to be a small amount of cocaine base in the driver's side arm rest, and arrested Mr. Patrick.

4. After Mr. Patrick's arrest, detectives searched 221 West Sixth Street pursuant to a search warrant. During the search, detectives seized two baggies of suspected cocaine base, two rounds of ammunition, a bank check in Mr. Patrick's name and an insurance policy card from a coat in one of the bedrooms.

5. Detectives also seized suspected crack cocaine, marijuana, two digital scales, razor blades and sandwich bags from the kitchen, and suspected cocaine base and marijuana from a back bedroom occupied by another resident. This unknown individual was arrested by Wilmington Police on state drug charges.

6. Detectives field tested all of the suspected drugs, which tested positive for illegal narcotics.

7. Detectives allege that Mr. Patrick made a taped confession regarding the illegal narcotics in a post Miranda statement.

8. On February 27, 2007, Mr. Patrick was charged with knowingly possessing ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and knowingly possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

A. **No Reasonable Suspicion Existed To Support The Investigatory Traffic Stop of Mr. Patrick's Vehicle.**

9. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend.

IV. Temporary detention of individuals during an automobile stop by the police, "even if only for a brief period, constitutes a 'seizure' of 'persons' within the meaning of this provision." Whren v. United States, 517 U.S. 806, 809-10 (1996) ("An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances."); see also United States v. Delfin-Colfina, 464 F.3d 392 (3d Cir. 2006) (stating that a traffic stop will be deemed a reasonable seizure if the police possessed, specific, articulable facts that the individual violated a traffic law at the time of the stop).

10. Based upon information and belief, the police officers lacked reasonable suspicion to initiate a traffic stop of Mr. Patrick's vehicle. To date, Mr. Patrick has not received any information regarding the nature of his alleged motor vehicle violation, and the officers' belief that he committed such violation. Indeed, upon information and belief, the police officers had neither reasonable suspicion nor probable cause to believe that Mr. Patrick's car had contraband or evidence of a crime prior to stopping the vehicle. Accordingly, the officers lacked reasonable suspicion to initiate a traffic stop of Mr. Patrick's vehicle, and any evidence discovered as a result of this illegal stop must be suppressed as "fruit of the poisonous tree." See Wong-Sun v. United States, 371 U.S. 471 (1963).

**B.     Even If The Traffic Stop Was Reasonable, The Search of Mr. Patrick's Vehicle Exceeded The Permissible Scope of The Traffic Stop.**

11. After conducting a traffic stop, the police may detain an individual as long as necessary to process the traffic violation unless there is articulable, reasonable suspicion of other illegal activity. United States v. Givan, 320 F.3d 452, 458 (3d Cir. 2003). See also, Florida v. Royer, 460 U.S. 491 (1983) (stating that "the investigative methods employed should be the least intrusive means

reasonable available to verify or dispel the officer's suspicion in a short period of time.").

12. The arrest of a suspect requires that the police have probable cause to do. <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964) (stating that probable cause for arrest depends "upon, whether at the moment arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.").

13. The detectives allege that, during the stop, they saw what appeared to be a small amount of cocaine base in the driver's side arm rest. Upon information and belief, the detectives did not observe the alleged drugs prior to conducting an impermissible search of the vehicle, and the government has not established any exceptions to this search. The officers' search of Mr. Patrick's vehicle exceeded the scope of the initial traffic stop, and the officers lacked probable cause to support Mr. Patrick's arrest. Thus, any evidence seized must be suppressed as "fruit of the poisonous tree." <u>See</u> <u>Wong-Sun</u>, 371 U.S. at 471.

### C.    **Mr. Patrick's Alleged Statements Must Be Suppressed Pursuant To the Fifth Amendment and <u>Miranda v. Washington</u>.**

14. Mr. Patrick also submits that any alleged statements made during, or subsequent to, his illegal search and seizure must be suppressed pursuant to the Fifth Amendment and <u>Miranda v. Washington</u>, 384 U.S. 436, 444 (1966) because he did not knowingly, intelligently and voluntarily waive his Miranda rights. <u>See id</u>. (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement, and a "defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness

of his confession are actually, and reliably determined."); see also Jackson v. Denno, 378 U.S. 368, 380 (1964). Once the defendant challenges the admissibility of an alleged statement, the government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights. Id. at 444.

**WHEREFORE**, Mr. Patrick respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about February 26, 2007, including any alleged statements made by Mr. Patrick on or about said date.

          Respectfully submitted,

          /s/
          Edson A. Bostic
          Federal Public Defender

          Attorney for Antoine L. Patrick

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: June 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-37-GMS |
| | : | |
| ANTOINE L. PATRICK, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this \_\_\_\_ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on February 26, 2007, and statements made by Defendant to law enforcement officials on February 26, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Gregory M. Sleet
United States District Court Judge