IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-37-GMS |
| | : | |
| ANTOINE L. PATRICK, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S AMENDED MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Antoine L. Patrick, by and through his undersigned counsel, Edson A. Bostic,

hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth

and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's

use of any and all evidence illegally seized by law enforcement officials on or about February 26,

2007, including any and all statements made subsequent to the illegal search.

In support thereof, Mr. Patrick avers as follows:[1]

1.      On February 26, 2007, Wilmington Police Detectives allegedly received information

that Mr. Patrick was distributing illegal narcotics at 221 W. 6th Street, in Wilmington, Delaware.

Based on this information, detectives initiated surveillance at this address.

2.      Detectives followed Mr. Patrick to the 300 block of W. 23rd Street in Wilmington,

---

[1] The facts contained in paragraphs 1-7 of this motion were taken from the arresting officer's Report of Investigation and Discovery. Although Mr. Patrick cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officer. Mr. Patrick submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

Delaware, allegedly observed him commit a motor vehicle violation and conducted a traffic stop.

3. During the stop, detectives allegedly saw what appeared to be a small amount of cocaine base in the driver's side arm rest, and arrested Mr. Patrick.

4. After Mr. Patrick's arrest, detectives searched 221 W. 6th Street pursuant to a search warrant. During the search, detectives seized two baggies of suspected cocaine base, two rounds of ammunition, a bank check in Mr. Patrick's name and an insurance policy card from a coat in one of the bedrooms.

5. Detectives also seized suspected crack cocaine, marijuana, two digital scales, razor blades and sandwich bags from the kitchen, and suspected cocaine base and marijuana from a back bedroom occupied by another resident. This unknown individual was arrested by Wilmington Police on state drug charges.

6. Detectives field tested all of the suspected drugs, which tested positive for illegal narcotics.

7. Detectives allege that Mr. Patrick made a taped confession regarding the illegal narcotics in a post <u>Miranda</u> statement.

8. On February 27, 2007, Mr. Patrick was charged with knowingly possessing ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and knowingly possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

**A.    <u>No Reasonable Suspicion Existed To Support The Investigatory Traffic Stop of Mr. Patrick's Vehicle.</u>**

9. The Fourth Amendment guarantees "the right of the people to be secure in their

persons, houses, papers, and effects against unreasonable searches and seizures." <u>See</u> U.S. CONST. Amend. IV.  Temporary detention of individuals during an automobile stop by the police, "even if only for a brief period, constitutes a 'seizure' of 'persons' within the meaning of this provision." <u>Whren v. United States</u>, 517 U.S. 806, 809-10 (1996) ("An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances."); <u>see also</u> <u>United States v. Delfin-Colfina</u>, 464 F.3d 392 (3d Cir. 2006) (stating that a traffic stop will be deemed a reasonable seizure if the police possessed, specific, articulable facts that the individual violated a traffic law at the time of the stop).

10.    Based upon information and belief, the police officers lacked reasonable suspicion to initiate a traffic stop of Mr. Patrick's vehicle.  To date, Mr. Patrick has not received any information regarding the nature of his alleged motor vehicle violation, and the officers' belief that he committed such violation.  Indeed, upon information and belief, the police officers had neither reasonable suspicion nor probable cause to believe that Mr. Patrick's car had contraband or evidence of a crime prior to stopping the vehicle.  Accordingly, the officers lacked reasonable suspicion to initiate a traffic stop of Mr. Patrick's vehicle, and any evidence discovered as a result of this illegal stop must be suppressed as "fruit of the poisonous tree."  <u>See</u> <u>Wong-Sun v. United States</u>, 371 U.S. 471 (1963).


**B.    Even If The Traffic Stop Was Reasonable, The Search of Mr. Patrick's Vehicle Exceeded The Permissible Scope of The Traffic Stop.**


11.    After conducting a traffic stop, the police may detain an individual as long as necessary to process the traffic violation unless there is articulable, reasonable suspicion of other illegal activity. <u>United States v. Givan</u>, 320 F.3d 452, 458 (3d Cir. 2003).  <u>See also</u>, <u>Florida v. Royer</u>, 460 U.S. 491

3

(1983) (stating that "the investigative methods employed should be the least intrusive means reasonable available to verify or dispel the officer's suspicion in a short period of time.")

12.     The arrest of a suspect requires that the police have probable cause to do so. <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964) (stating that probable cause for arrest depends "upon, whether at the moment arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.")

13.     The detectives allege that, during the stop, they saw what appeared to be a small amount of cocaine base in the driver's side arm rest. Upon information and belief, the detectives did not observe the alleged drugs prior to conducting an impermissible search of the vehicle, and the government has not established any exceptions to this search. The officers' search of Mr. Patrick's vehicle exceeded the scope of the initial traffic stop, and the officers lacked probable cause to support Mr. Patrick's arrest. Thus, any evidence seized must be suppressed as "fruit of the poisonous tree." <u>See</u> <u>Wong-Sun</u>, 371 U.S. at 471.

**C.     <u>The Warrant for the Search of 221 W. 6th Street was Unsupported by Probable Cause.</u>**

14.     The Fourth Amendment proscribes unreasonable searches and seizures. See US CONST Amend. IV. Where no probable cause exists to support a search, the evidence recovered in that search must be suppressed. <u>See</u> <u>Hayes v. Florida</u>, 470 U.S. 811, 814 (1985); <u>Wong-Sun v. United States</u>, 371 U.S. at 471.

15.     In the instant case, there was a warrant issued for the search of 221 W. 6th Street; however, that warrant was based on an affidavit that did not support a finding of probable cause.

16.    To determine the sufficiency of an affidavit supporting a warrant, the "totality of the circumstances" test is used. Illinois v. Gates, 462 U.S. 213, 230 (1983). Thus, the factors set forth in the affidavit must, in the aggregate, support the issuing magistrate in a finding of probable cause. Id. In assessing the bases for a warrant, a reviewing court is limited to the "four corners" of the document (i.e., the supporting affidavit and the warrant itself). See United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993).

17.    The affidavit presented in support of the instant warrant cited three bases for a finding of probable cause: the statement by a confidential informant that there were narcotics inside the premises at 221 W. 6th Street, the police surveillance of 221 W. 6th Street, and the alleged discovery of narcotics in the vehicle driven by Mr. Patrick during the traffic stop preceding the house search.

18.    In the instant case, none of the factors – standing alone – support a finding of probable cause. Furthermore, they are insufficient in the aggregate to support a finding of probable cause. The statement from the confidential informant was uncorroborated by any observations. The surveillance of the home, based on the informant's statements was likewise fruitless in providing evidence supporting the informant's allegations. Finally, although the alleged narcotics found in the traffic stop would be sufficient to support probable cause to arrest Mr. Patrick, "probable cause to arrest does not automatically provide probable cause to search the arrestee's home." Jones, 994 F.2d at 1055.[2]

19.    In the aggregate, the factors cited in the affidavit do not support a finding of probable cause to believe that "contraband or evidence of a crime [would] be found" in 221 W. 6th Street.

---

[2] Mr. Patrick does not concede that either his arrest or the seizure predicating it was constitutionally valid. Furthermore, Mr. Patrick does not concede that the traffic stop of his vehicle was legal. The discussion of Mr. Patrick's arrest in this section is provided only in relation to the search warrant being challenged because the facts of Mr. Patrick's arrest were cited in support of that warrant.

<u>Gates</u>, 462 U.S. at 238.  Additionally, the central information in the warrant affidavit resulted from the illegal traffic stop and, therefore, any evidence seized pursuant to the warrant must also be suppressed as "fruit of the poisonous tree."  <u>Wong-Sun</u>, 371 U.S. at 488.

**D.**    **<u>Mr. Patrick's Alleged Statements Must Be Suppressed Pursuant To the Fifth Amendment and Miranda v. Washington</u>.**

20.    Mr. Patrick also submits that any alleged statements made during, or subsequent to, his illegal search and seizure must be suppressed pursuant to the Fifth Amendment and <u>Miranda v. Washington</u>, 384 U.S. 436, 444 (1966) because he did not knowingly, intelligently and voluntarily waive his Miranda rights.  <u>See</u> <u>id</u>. (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement, and a "defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined.");  <u>see also</u>  <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964).  Once the defendant challenges the admissibility of an alleged statement, the government bears the burden of establishing compliance with <u>Miranda</u> and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights.  <u>Id.</u> at 444.

**WHEREFORE**, Mr. Patrick respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about February 26, 2007, including any alleged statements made by Mr. Patrick on or about said date.

Respectfully submitted,


/s/_____
Edson A. Bostic
Federal Public Defender

Attorney for Antoine L. Patrick


Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com


Dated: July 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-37-GMS |
| | : | |
| ANTOINE L. PATRICK, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of the Defendant's Amended Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on February 26, 2007, and statements made by Defendant to law enforcement officials on February 26, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____

Honorable Gregory M. Sleet
United States District Court Judge