# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA         :
                                 :
              Plaintiff,          :
                                 :
      v.                          :       Criminal Action No. 07-37-GMS
                                 :
ANTOINE L. PATRICK,               :
                                 :
              Defendant.          :

## THE GOVERNMENT'S PRE-HEARING OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

COMES NOW, the United States, by and through its undersigned counsel, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney for the District of Delaware, and hereby opposes Defendant's Motion to Suppress Physical Evidence and Statements for the following reasons:[1]

1.     On February 26, 2007, Wilmington Police Detectives received information from a past proven reliable confidential informant that Defendant[2] was in the possession of a large amount of crack cocaine at his residence at 221 West Sixth Street, Wilmington, Delaware 19802.

2.     On February 26, 2007, Wilmington Police Detectives conducted covert

---

[1]The facts contained in this opposition are based on the evidence the Government expects will be introduced at any hearing on Defendant's Motion. Only those facts necessary to respond to Defendant's Motion are stated. The Government will supplement its opposition with evidence from the record after the hearing, should the Court so require.

[2]At the time of the events in question, Defendant was on Federal Supervised Release following his guilty plea to being a felon in possession of a firearm on March 23, 2005, before the Honorable Gregory M. Sleet in Criminal Action No. 04-18-GMS.

surveillance of the residence at 221 West Sixth Street.  At approximately 12:45 p.m., Wilmington Police Detectives saw the Defendant exit the residence and enter a maroon Dodge Intrepid bearing a Delaware temporary registration tag which was improperly displayed in the driver's side of the rear window.

3.      Wilmington Police Detectives followed the Defendant for approximately 20-30 minutes to the 200 block of West 23rd Street, Wilmington, Delaware, where they conducted a traffic stop based on the improperly displayed temporary registration tag.

4.      As soon as the Wilmington Police Detectives stopped the vehicle, the Defendant was observed placing an unknown item into his mouth.  Wilmington Police Detectives asked the Defendant to step out of the vehicle.  The Defendant exited the vehicle, leaving the driver's side door ajar, and discussed the traffic offense with a Wilmington Police Detective.

5.      Approximately two minutes after the Defendant exited the vehicle, a Wilmington Police Detective observed in plain view a small clear plastic bag containing a white substance consistent with cocaine in the driver's side door handle area.  The Defendant was then taken into custody.  Defendant was found to be in possession of $500.00 in United States currency.  The material inside the bag was later field tested which produced a positive reaction for cocaine.

6.      Wilmington Police Detectives then applied for and received a warrant from the Justice of the Peace Court for New Castle County, Delaware, to search the Defendant's residence at 221 West Sixth Street.

7.      At the Defendant's residence at 221 West Sixth Street, Wilmington Police Detectives found, among other things, several bags of a crack cocaine, two rounds of ammunition, digital scales, sandwich baggies, razor blades, a bank card in Defendant's name, an

insurance policy card in Defendant's name, and $675.00 in United States currency.

8.      Defendant then made a video-taped statement to Wilmington Police Detectives after waiving his <u>Miranda</u> rights.  In that statement, Defendant admitted to possessing, among other things, the drugs located in the front bedroom and kitchen of the residence at 221 West Sixth Street, the ammunition, and the drug paraphernalia.

**A.      Wilmington Police Detectives Had Reasonable Suspicion To Conduct A Traffic Stop Of Defendant's Vehicle.**

9.      To conduct an investigatory traffic stop police officers must have reasonable suspicion to believe that an individual has violated the traffic laws.  <u>See, e.g.</u>, <u>United States v. Delfin-Colina</u>, 464 F.3d 392, 396-98 (3d Cir. 2006).  Here, the Government believes that the evidence will show that the Wilmington Police Detectives had reasonable suspicion to believe that the Defendant had violated 21 Del. C. § 2126, by improperly displaying a temporary registration permit that was not clearly visible in the driver's side of the rear window.  <u>See</u> 21 Del. C. § 2126 (requiring that, among other things, number or registration plates be attached to the rear of the vehicle, be "clearly visible," and not less than twelve inches from the ground); <u>Delaware v. Scott</u>, Crim. A. Nos. IK04-02-0299-304, 2004 WL 1790136, at *2 (Del. Super. Ct. 28, 2004) (holding that officers had probable cause to stop vehicle for violation of 21 Del. C. § 2126 because temporary registration permit was not clearly visible in that it was attached to the rear window).  Accordingly, the Wilmington Police Detectives did not violate Defendant's rights by stopping his vehicle.

**B.      Wilmington Police Detectives Did Not Violate Defendant's Rights When They
Seized Suspected Cocaine That Was Visible In Plain View In The Driver's Side
Door Handle Area.**

10.      Once the Wilmington Police Detectives stopped the Defendant's vehicle to
investigate a motor vehicle violation, they were entitled to ask the Defendant to exit the vehicle.
See Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977) ("once a motor vehicle has been
lawfully detained for a traffic violation, the police officers may order the driver to get out of the
vehicle without violating the Fourth Amendment's proscription of unreasonable seizures").

11.      The Government believes that the evidence will show that approximately two
minutes after the Defendant exited the vehicle, while a Wilmington Police Detective was
questioning the defendant about the traffic violation, a Wilmington Police Detective observed in
plain view a small clear plastic bag containing a white substance consistent with cocaine in the
driver's side door handle area.  Persons do not have a reasonable expectation of privacy over
items in plain view.  See, e.g., Illinois v. Andreas, 463 U.S. 765, 771 (1983) ("The plain view
doctrine authorizes seizure of illegal or evidentiary items visible to a police officer whose access
to the object has some prior Fourth Amendment justification and who has probable cause to
suspect that the item is connected with criminal activity.").  Accordingly, the seizure of this bag
of cocaine did not violate the Defendant's rights.  See, e.g., United States v. Glaspie, 993 F.
Supp. 448, 458 (W.D. La. 1998) ("the defendant made no showing here that he had a legitimate
expectation of privacy in the vehicle's door panel from which incriminating evidence (crack
cocaine) could be readily viewed by the officer").

12.      Also, the duration of traffic stop – approximately two minutes – was not
unreasonable.  See, e.g., United States v. Shabazz, 993 F.2d 431, 437 (5th Cir. 1993)

(questioning of driver pending outcome of computer check of his license did not improperly

"extend the duration of the initial, valid seizure"); cf. Illinois v. Caballes, 543 U.S. 405, 407

(2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver

can become unlawful if it is prolonged beyond the time reasonably required to complete that

mission.").

      13.     The field test of the contents of the bag also did not violate Defendant's rights.

See, e.g., United States v. Jacobsen, 466 U.S. 109, 123-24 (1984) (holding that a test that merely

disclosed whether or not a particular substance was cocaine did not compromise any reasonable

expectation of privacy and therefore did not constitute a search).

## C.    The Warrant In This Case Was Supported By Probable Cause And, In Any Event, The Officers Relied On The Executed Warrant In Good Faith.

      14.     A magistrate judge will approve a search warrant if, based on the totality of the

circumstances, it presents sufficient evidence to demonstrate that there is a "fair probability" that

evidence of a crime will be located at the place to be searched. Illinois v. Gates, 462 U.S. 213,

238 (1983).

      15.     Once a search warrant is issued and then challenged by a defendant, a reviewing

court must determine whether there was a "substantial basis" for the magistrate judge's finding

that probable cause existed. United States v. Harvey, 2 F.3d 1318, 1322 (3d Cir. 1993). The

decision of the magistrate judge to issue the warrant should be afforded great deference. Id. The

reviewing court should avoid "interpreting affidavit[s] in a hyper-technical, rather than a

common sense manner." Gates, 462 U.S. at 236 (quotations omitted). The court must confine

itself to the affidavit and cannot consider other portions of the record. United States v. Hodge,

246 F.3d 301, 305 (3d Cir. 2001). When resolving questionable cases, the deference accorded

warrants should prevail. Id. Moreover, direct evidence linking the place to be searched with a

crime is not required for a warrant to issue. United States v. Jones, 994 F.2d 1051, 1056 (3d Cir.

1993). Rather, "probable cause can be, and often is, inferred by considering the type of crime,

the nature of the items sought, the suspect's opportunity for concealment and normal inferences

about where a criminal might hide" the items sought. Id.

    16.    Here, the affidavit demonstrated that a "past proven reliable confidential

informant" advised officers that the Defendant was in the possession of "a large amount of crack

cocaine and a revolver type handgun" at his residence at 221 West 6th Street, Wilmington,

Delaware, 19802. The affidavit demonstrated the Defendant had prior arrests involving "Title

16" offenses, i.e., Delaware state drug offenses, and weapon offenses, and that Defendant was on

federal supervised release for a firearm offense. The affidavit also demonstrated that the

Defendant was observed by officers leaving the residence at 221 West 6th Street at

approximately 12:45 p.m. on February 26, 2007. The affidavit demonstrated that after the

Defendant was stopped for a motor vehicle violation he told the officers that he had just left from

a different location, 811 West 29th Street in Wilmington, Delaware, which the officers knew was

not true, and that the Defendant immediately placed an unknown object in his mouth which he

appeared to have swallowed. The affidavit demonstrated that the officers found crack cocaine in

plain view in the Defendant's car, as well as a large amount of United States currency.[3] Based on

---

    [3]The $500.00 in cash recovered from Defendant during the traffic stop is one fact that
can, in the totality of the circumstances, support the officers' belief that the Defendant was
involved in drug dealing. See, e.g., United States v. Cottman, No. 07-25-JJF, -- F.Supp.2d --,
2007 WL 2122060, at *5 (D. Del. July 25, 2007) (holding that $500 in cash seized from the
defendant was one fact considered in the totality of the circumstances that supported the officers'

these facts, the Government submits that the officers had probable cause to believe that the

Defendant was involved in drug dealing, and that there was a "fair probability" that evidence of

drug dealing would be found at Defendant's home.  See, e.g., Hodge, 246 F.3d at 306 (holding

that "[i]t is reasonable to infer that a person involved in drug dealing on such a scale would store

evidence of that dealing at his home"); Jones, 994 F.2d at 1055-56 (recognizing that "[i]f there is

probable cause to believe that someone committed a crime, then the likelihood that that person's

residence contains evidence of the crime increases").

  17.  Even if the Court were to conclude that the affidavit did not establish probable

cause to search Defendant's home, the Court should still deny Defendant's motion to suppress

evidence seized from the home based on the good faith exception to the exclusionary rule.  The

good faith exception "instructs that suppression of evidence is inappropriate when an officer

executes a search in objectively reasonable reliance on a warrant's authority" even though no

probable cause to search exists.  Hodge, 246 F.3d at 307 (quotations omitted).  A warrant issued

by a judge "normally suffices to establish that a law enforcement officer has acted in good faith

in conducting the search."  United States v. Leon, 468 U.S. 897, 922 (1984).  There are four

situations where an "officer's reliance on a warrant would not be reasonable and would not

trigger" the good faith exception: (1) Where the judge issued the warrant in reliance on a

---

belief that defendant was involved in drug dealing and would have evidence of drug dealing at
his home); United States v. Chandler, 326 F.3d 210, 214-16 (3d Cir. 2003) (holding that
possession of $8,200 over 6 months, or approximately $45.56 per day that was not reported to the
IRS, was admissible proof that the money might be derived from drug dealing); Maryland v.
Pringle, 540 U.S. 366, 371-72 n.2 (2003) (holding that $763 in cash seized from a glove
compartment was one fact considered in the totality of the circumstances supporting officers'
decision to believe the occupants of the car were involved in drug dealing); but cf. United States
v. Howard, 210 F. Supp. 2d 503, 516 n.11 (D. Del. 2002).

deliberately or recklessly false affidavit; (2) Where the judge abandoned his or her judicial role and failed to perform his or her neutral and detached function; (3) Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.  Id. (citations omitted).

18.    Here, the Government expects that there will be no facts introduced at the hearing that would preclude the application of the good faith exception.  Accordingly, even if the Court were to conclude that the search warrant did not establish probable cause to search Defendant's home, the Defendant's motion to suppress evidence seized from his home should still be denied based on the good faith exception to the exclusionary rule.

**D.    The Defendant Knowingly, Intelligently, And Voluntarily Waived His <u>Miranda</u> Rights.**

19.    The Defendant does not specifically articulate the basis of his <u>Miranda</u> challenge – i.e., how the officers did not comply with the requirements of <u>Miranda</u>.  A defendant must present "more than mere bald-faced allegations of misconduct" in order to require an evidentiary hearing on his motion to suppress.  <u>See, e.g.</u>, <u>United States v. Howell</u>, 231 F.3d 615, 621 (9th Cir. 2000).  Indeed, "[a] district court may deny a motion to suppress without a hearing when the defendant fails to provide a factual basis for the hearing and merely relies upon the government's 'burden or proof to establish adequate <u>Miranda</u> warnings.'"  <u>United States v. Stoddart</u>, No. 01-2183, 2002 WL 31260988 at **4 (3d Cir. Sept. 12, 2002) (quoting <u>Howell</u>, 231 F.3d at 621).  Accordingly, absent any further showing by the Defendant, his motion should be denied without an evidentiary hearing.

20.     Should the Court decide to allow the Defendant to proceed with a hearing on this issue, the Defendant's motion to suppress should still be denied.  The Defendant fails to point to any evidence to suggest that his written and oral waivers of his <u>Miranda</u> rights were anything less than knowing, intelligent, and voluntary.  <u>See, e.g.</u>, <u>Patterson v. Illinois</u>, 487 U.S. 285, 293 (1988) ("Indeed, it seems self-evident that one who is told he has such rights to counsel is in a curious posture to later complain that his waiver of these rights was unknowing.") (quotations omitted).  The Government expects that the evidence will show that the Defendant knowingly, intelligently, and voluntarily waived his <u>Miranda</u> rights prior to making the incriminating statements.  Accordingly, there is no basis to suppress the Defendant's post-<u>Miranda</u> statements.

21.     For all of the foregoing reasons, the Government respectfully requests that Defendant's motion to suppress be denied.  A proposed Order is attached hereto.

Dated: September 11, 2007.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:     /s/ Seth M. Beausang
Seth M. Beausang (De. I.D. No. 4071)
Assistant United States Attorneys
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Attorney for the United States

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA            :
                                    :
                Plaintiff,          :
                                    :
        v.                          :        Criminal Action No. 07-37-GMS
                                    :
ANTOINE L. PATRICK,                 :
                                    :
                Defendant.          :

## ORDER

  AND NOW, this ___ day of _____, 2007, after consideration of

Defendant's Motion to Suppress Physical Evidence and Statements, and all evidence and filings

offered in support thereof and opposition thereto, IT IS ORDERED that Defendant's Motion is

DENIED.

IT IS SO ORDERED.

                 _____

                 HONORABLE GREGORY M. SLEET
                 UNITED STATES DISTRICT JUDGE