IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Criminal Action No. 07-37-GMS |
| | ) |
| ANTOINE L. PATRICK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney for the District of Delaware, and the defendant, Antoine L. Patrick, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One and Count Two of the Indictment. Count One charges him with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which carries a maximum sentence of a term of imprisonment of ten (10) years, a fine of $250,000, three years supervised release, and a $100 special assessment. Count Two of the Indictment charges him with possession of five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base (with the intent to distribute), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii), which, based on the defendant having been previously convicted of a felony drug offense, carries a maximum sentence of life imprisonment with a minimum mandatory sentence of ten (10) years imprisonment, a fine of $4,000,000, at least eight (8) years supervised release, and a $100 special assessment. The parties to this agreement stipulate that in connection with crime charged in Count

Two of the Indictment the Defendant possessed with the intent to distribute 27.916 grams of crack cocaine.

2.      The defendant understands that if there were a trial, the Government would have to prove the three elements of the offense charged in Count One, namely, (1) that on or about February 26, 2007, in the State and District of Delaware, the defendant Antoine L. Patrick knowingly possessed ammunition, that is, two rounds of PMC .357 ammunition; (2) he had previously been convicted of a felony crime punishable by more than one year imprisonment; and (3) the ammunition affected interstate or foreign commerce, that is, that the ammunition had previously crossed state lines or entered the United States from another country.  The defendant knowingly, voluntarily and intelligently admits his guilt to those three elements of the offense charged in Count One of the Indictment in the above case.

3.      The defendant also understands that if there were a trial, the Government would also have to prove the five elements of the offense charged in Count Two, namely, (1) that on or about February 26, 2007, in the State and District of Delaware, the defendant Antoine L. Patrick knowingly; (2) possessed; (3) with the intent to distribute; (4) five grams or more of; (5) a mixture of substance containing a detectable amount of cocaine base.  The defendant knowingly, voluntarily and intelligently admits his guilt to those five elements of the offense charged in Count Two of the Indictment in the above case.

4.      The defendant also understands that, in order for him to be subject to the enhanced statutory penalties in 21 U.S.C. § 841, the Government would have to prove that the defendant committed the acts alleged in Count Two of the Indictment after having a final conviction for a felony drug offense, that is, a July 1, 2003, conviction in the Superior Court of Delaware in and for New Castle County for distribution of a controlled substance within 300 feet of a park.  The defendant knowingly, voluntarily and intelligently admits that at the time he committed the acts alleged in Count

Two of the Indictment he had a final conviction for a felony drug offense, that is, a July 1, 2003, conviction for distribution of a controlled substance within 300 feet of a park in the Superior Court of Delaware in and for New Castle County.

5. The defendant agrees to forfeit all interests in the ammunition involved in the violations alleged in Count One of the Indictment, to wit, two rounds of PMC .357 ammunition, which were seized in Wilmington, Delaware on or about February 26, 2007. The defendant further agrees to forfeit all interests in any and all property that was seized from the defendant by any federal, state or local government officials on February 26, 2007. The defendant further agrees to waive all interest in any such assets described in the preceding two sentences in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines, and that, at the very least, the defendant will be subject to a minimum mandatory sentence of ten (10) years imprisonment. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing

guidelines, except that the Court must impose at least a minimum mandatory sentence of ten (10) years. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, *and the Government will move for an additional one-point reduction, pursuant to Guideline Section 3E1.1.*

8. The defendant agrees to pay the $200 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

4

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_/s/ Edson Bostic/_  
Edson Bostic, Esquire  
Attorney for Defendant

Dated: Sept. 25, ___, 2007.

_/s/ A. Patrick/_  
Antoine L. Patrick  
Defendant

Dated: Sept 25, ___, 2007.

COLM F. CONNOLLY  
United States Attorney

By: _/s/ for Seth Beausang/_  
Seth M. Beausang  
Assistant United States Attorney

Dated: 9/27/07, ___, 2007.

**AND NOW**, this 27th day of Sept., 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_/s/ Gregory M. Sleet/_  
The Honorable Gregory M. Sleet  
United States District Judge  
District of Delaware

FILED  
SEP 27 2007  
U.S. DISTRICT COURT  
DISTRICT OF DELAWARE